IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco A. Salazar,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-15-02083-PHX-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Marco A. Salazar has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I. SUMMARY OF CONCLUSION**

After screening, Petitioner has three remaining claims for relief in his timely Petition. All of three of these claims relate to the traffic stop prior to his arrest. Petitioner pleaded guilty, so his claims are waived. Petitioner's claims are also not cognizable on habeas review. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II. BACKGROUND**

    **a. Guilty Plea and Sentencing**

On June 10, 2013, Petitioner pleaded guilty to Solicitation of Dangerous Drugs for

Sale, a class 4 felony. (Doc. 12-1, Ex. D, at 23.) Petitioner pleaded guilty in relation to a traffic stop where he was found with 9.8 grams of methamphetamine. (Doc. 12-1, Ex. A, at 2.)[1] Petitioner was on parole at the time of the offense, and the State alleged Petitioner had five prior felony convictions. (*Id*.) On July 15, 2013, Petitioner was sentenced to a two-year term of probation. (Doc. 12-1, Ex. B, at 12.)

On the date of sentencing, Petitioner signed a "Notice of Rights of Review after Conviction." (Doc. 12-1, Ex. E, at 25.) Petitioner did not file a Notice of Appeal or Notice of Post-Conviction Relief. (Doc. 1 at 3-5.)

### b. Revocation of Probation

On June 4, 2014, a Petition to Revoke Probation was filed in Petitioner's case. (Doc. 12-1, Ex. C, at 15.) On October 27, 2014, the trial court found Petitioner knowingly, intelligently, and voluntarily waived his right to a revocation hearing and sentenced Petitioner to two years of imprisonment for violating the terms of his probation. (Doc. 12-1, Ex. C, at 15.) The court ordered the sentence run consecutively to a term of imprisonment imposed upon Petitioner in a Maricopa County case. (*Id*.)

### c. No Post-Conviction Relief Proceedings

Petitioner did not file an appeal or notice of post-conviction relief related to his probation violation proceedings. (Doc. 1 at 3-5.)

### d. Petitioner's Federal Habeas Petition

On October 16, 2015, Petitioner filed this habeas Petition. (Doc. 1.) On December 21, 2015, Respondents filed a Limited Answer to the Petition. (Doc. 12.) On January 25, 2016, Petitioner filed a Reply. (Doc. 15.) Petitioner raised four grounds for relief:

1. Petitioner "was subjected to an illegal search and seizure, in violation of the Fourth Amendment";

2. "[I]llegally obtained evidence was presented to the grand jury, in violation of the Fourth Amendment."

---

[1] A summary of the offense is contained in the Presentence Report. (Doc. 12-1, Ex. A, at 2.)

3. A violation of Article II of the Arizona Constitution.

4. "[T]here was a violation of the Due Process Clause of the Fourteenth Amendment because [Petitioner] was sentenced to probation on illegally obtained evidence."

(Doc. 7 at 2.) Ground Three was dismissed by the Court because it did not allege a federal claim. (Doc. 7 at 3.)

### III.   THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### IV.   DISCUSSION

#### a. Waiver of Claims Pursuant to Guilty Plea

Grounds One, Two, and Four all assert a violation of Petitioner's rights that allegedly occurred at the time of his traffic stop. (Doc. 1 at 6-9.) Petitioner's claims allege a violation of his rights based upon an "illegal search and seizure" (*Id.* at 6), "no probable cause to search the defendant's vehicle" (*Id.* at 7), and "no warrant, no probable cause in Defendant's case" (*Id.* at 9). Petitioner waived his right to bring these claims when he pleaded guilty to one count of Solicitation of Dangerous Drugs for Sale. (Doc. 12-1, Ex. D, at 23.) An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea." *Id.*

Here, Petitioner pleaded guilty, and the court found Petitioner "knowingly,

1 intelligently and voluntarily waived" his applicable jury trial rights and pleaded guilty. (Doc. 12-1, Ex. B, at 11.) Petitioner does not argue otherwise. Petitioner's claims are waived. *See United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea); *Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on the evidence that may have been improperly seized."); *Ortberg v. Moody*, 961 F.2d 135, 136–38 (9th Cir. 1992) (petitioner's guilty plea barred habeas consideration of claims, which included claim of an unlawful search).

### b. Petitioner's claims are not cognizable.

Petitioner's claims are also not cognizable. A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. Under *Stone v. Powell*, 428 U.S. 465, 481 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure, even if that evidence was introduced at trial.

Here, Petitioner had the opportunity to litigate his Fourth Amendment issue, both in the trial court and on post-conviction review. (Doc. 7-1, Ex. F, at 29.) Petitioner did not litigate his claims in the trial court, and instead pleaded guilty with numerous obvious benefits. The State dismissed an allegation of Petitioner's five prior convictions (Doc. 12-1, Ex. D, at 12), and Petitioner's plea offered him the opportunity of a probation sentence (Doc. 12-1, Ex. D, at 20). Petitioner received a two-year sentence of probation, which he chose not to contest through post-conviction review.[2] Petitioner signed a form acknowledging his rights to post-conviction review. (Doc. 12-1, Ex. E, at 25.) Petitioner

---

[2] Petitioner raises these challenges to his traffic stop after his term of probation was revoked and he was sentenced to a two-year term of imprisonment.

had an opportunity for a full and fair litigation of his Fourth Amendment claim. *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the claim was correctly decided.") (citations omitted).

The Court finds Petitioner's claims in Grounds One, Two, and Four are not cognizable on habeas review.[3]

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but waived. Further, these claims are non-cognizable on habeas review. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and

---

[3] Respondents also argue Petitioner's claims are procedurally defaulted. The Court elects to bypass the issue of procedural default in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of April, 2016.

Honorable John Z. Boyle
United States Magistrate Judge